1  Shelley K. Wessels (#152394)
   John V. Picone III (#187226)
2  Katherine Ford Horvath (#213098)
   FISH & RICHARDSON P.C.
3  2200 Sand Hill Road, Suite 100
   Menlo Park, California 94025-6955
4  Telephone:  (650) 322-5070
   Facsimile:   (650) 854-0875
5
   Attorneys for Defendant and Counter-Claimant
6  NASSDA CORPORATION

7

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  SYNOPSYS, INC., a Delaware corporation,        Case No. C-01-2519 SI

13          Plaintiff and Counter-Defendant,       **DEFENDANT NASSDA'S AMENDED
                                                    ANSWER TO COMPLAINT AND
14  v.                                              SECOND AMENDED COUNTERCLAIMS**

15  NASSDA CORPORATION, a California               **JURY TRIAL DEMANDED**
    corporation,
16
            Defendant and Counter-Claimant.
17

18

19      In response to the Complaint for Patent Infringement of Synopsys, Inc. ("Synopsys") dated

20  May 15, 2001, Nassda Corporation ("Nassda") admits, denies and alleges as follows:

21                           **JURISDICTION**

22      1.      Admitted.

23                            **PARTIES**

24      2.      Nassda is without knowledge or information sufficient to form a belief as to the truth

25  of the allegations of paragraph 2 and on that basis denies them.

26      3.      Admitted.

27

28
                                          1

1

<u>VENUE</u>

2

4.      Admitted.

3

<u>INTRADISTRICT ASSIGNMENT</u>

4

5.      Nassda admits that its principal place of business is located in the county of Santa

5

Clara.  Nassda denies the remaining allegations of paragraph 5 but consents to assignment to this

6

division.

7

<u>FIRST CAUSE OF ACTION</u>

8

<u>(Patent Infringement)</u>

9

6.      Nassda admits that United States Patent No. 5,878,053 ("the '053 patent"), entitled

10

"Hierarchial [sic] Power Network Simulation and Analysis Tool for Reliability Testing of Deep

11

Submicron IC Designs" was issued on March 2, 1999, and that Synopsys is listed as assignee on the

12

face of the patent.  Nassda is without knowledge or information sufficient to form a belief as to the

13

truth of the remaining allegations of paragraph 6 and on that basis denies them.

14

7.      Nassda admits that it created source code for its Hierarchical Storage and Isomorphic

15

Matching ("HSIM") software product, and that it has been manufacturing, licensing, distributing,

16

advertising and marketing that product.  Nassda denies the remaining allegations in paragraph 7.

17

8.      Nassda admits that it has been creating source code for its HSIM software product,

18

and then manufacturing, licensing, distributing, advertising and marketing its HSIM software

19

product to others.  Nassda denies the remaining allegations in paragraph 8.

20

9.      Nassda admits that Synopsys sent a letter to Nassda, dated April 27, 2001, in which

21

Synopsys claimed that it was the owner of the '053 patent.  In this letter, Synopsys  requested

22

"appropriate explanation and information that supports Nassda's contention of noninfringement."

23

In response, Paul E. Rice, attorneys for Nassda, in good faith sent a letter to Oppenheimer Wolff &

24

Donley, counsel for Synopsys, stating that Synopsys' letter was lacking sufficient detail to allow

25

Nassda to evaluate Synopsys' allegations and requesting further information and documentation

26

from Synopsys.  Synopsys did not respond substantively to this letter, but instead filed this action.

27

Nassda denies the remaining allegations in paragraph 9.

28

2

DEFENDANT NASSDA'S AMENDED ANSWER TO COMPLAINT
AND SECOND AMENDED COUNTERCLAIMS
Case No. C-01-2519 SI

1    10.    Denied.

2    11.    Denied.

3               **AFFIRMATIVE DEFENSES**

4    12.    Synopsys has failed to state a claim upon which relief can be granted.

5    13.    The '053 patent is invalid because it fails to comply with 35 U.S.C. §§102 and 103

6 because it is anticipated by or obvious in view of:

7         a.    U.S. Patent No. 5,349,542;

8         b.    U.S. Patent No. 5,384,710;

9         c.    U.S. Patent No. 5,404,310;

10       d.    U.S. Patent No. 5,440,162;

11       e.    U.S. Patent No. 5,446,676;

12       f.    U.S. Patent No. 5,481,469;

13       g.    U.S. Patent No. 5,521,834;

14       h.    U.S. Patent No. 5,553,008;

15       i.    U.S. Patent No. 5,598,348;

16       j.    S. Chowdhury, "An Automated Design of Minimum-Area IC Power/Ground

17               Nets," IEEE Design Automation Conference 13.2, pp. 223-229;

18       k.    R. Dutta et al., "Automatic Sizing of Power/Ground (P/G) Networks in

19               VLSI," IEEE Design Automation Conference 44.2, 1989, pp. 783-786;

20       l.    Freeman et al., "Automated Extraction of Spice Circuit Methods from

21               Symbolic Gate Matrix Layout with Pruning," IEEE 23rd Design Automation

22               Conf., 1986, pp. 418-424;

23       m.    B-K. Liew et al., "Circuit Reliability Simulator for Interconnect, Via, and

24               Contact Electromigration," IEEE Transactions on Electron Devices 39.11,

25               1992, pp. 2472-2478;

26

27

28

n.   T. Mitsuhashi et al., "Power and Ground Network Topology Optimization for Cell Based VLSIs," IEEE Design Automation Conference 33.2, 1992, pp. 524-529;

o.   B. Stanisic et al., Addressing Substrate Coupling in Mixed-Mode IC's: Simulation and Power Distribution Synthesis," IEEE Journal of Solid-State Circuits 39.3, 1994, pp. 226-236;

p.   B. Stanisic et al., "Mixed-Signal Noise-Decoupling Via Simultaneous Power Distribution Design and Cell Customization in Rail," IEEE Custom Integrated Circuits Conference 24.3.1, 1994, pp. 533-536;

q.   D. Stark et al., "Techniques for Calculating Currents and Voltages in VLSI Power Supply Networks," IEEE Transactions on Computer-Aided Design 9.2, 1990, pp. 126-131;

r.   J. Tao et al., "An Electromigration Failure Model for Interconnects Under Pulsed and Bidirectional Current Stressing," IEEE Transactions on Electron Devices 41.4, 1994, pp. 539-545;

s.   G. Tiwary, "Below the half-micron mark," IEEE reprinted from IEEE Spectrum 31.11, 1994, pp. 84;

t.   T. Yoshitome, "Hierarchical analyzer for VLSI power supply networks based on a new reduction method," IEEE 1991, pp. 298-301; and

other references.

14.   The '053 patent is invalid because it fails to comply with 35 U.S.C. §112 because it does not contain adequate written description of the alleged invention, or the manner and process of making and using it in full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains to make and use the same, and does not set forth the best mode contemplated by the inventor of carrying out the alleged invention.

4

DEFENDANT NASSDA'S AMENDED ANSWER TO COMPLAINT
AND SECOND AMENDED COUNTERCLAIMS
Case No. C-01-2519 SI

15.     Nassda has not infringed and is not infringing, directly either literally or under the doctrine of equivalents, or by inducing or contributing to the infringement by others of any valid claim of the '053 patent.

16.     Upon information and belief, the '053 patent is unenforceable by reason of inequitable conduct because Synopsys failed to disclose to the United States Patent and Trademark Office during prosecution of the patent application that issued as the '053 patent, prior art of which it was aware that was material to patentability, including but not limited to:

a.     U.S. Patent No. 5,349,542;

b.     U.S. Patent No. 5,384,710;

c.     U.S. Patent No. 5,404,310;

d.     U.S. Patent No. 5,440,162;

e.     U.S. Patent No. 5,446,676;

f.     U.S. Patent No. 5,481,469;

g.     U.S. Patent No. 5,521,834;

h.     U.S. Patent No. 5,553,008;

i.     U.S. Patent No. 5,598,348;

j.     S. Chowdhury, "An Automated Design of Minimum-Area IC Power/Ground Nets," IEEE Design Automation Conference 13.2, pp. 223-229;

k.     R. Dutta et al., "Automatic Sizing of Power/Ground (P/G) Networks in VLSI," IEEE Design Automation Conference 44.2, 1989, pp. 783-786;

l.     Freeman et al., "Automated Extraction of Spice Circuit Methods from Symbolic Gate Matrix Layout with Pruning," IEEE 23rd Design Automation Conf., 1986, pp. 418-424;

m.     B-K. Liew et al., "Circuit Reliability Simulator for Interconnect, Via, and Contact Electromigration," IEEE Transactions on Electron Devices 39.11, 1992, pp. 2472-2478;

1        n.       T. Mitsuhashi et al., "Power and Ground Network Topology Optimization for

2                  Cell Based VLSIs," IEEE Design Automation Conference 33.2, 1992, pp.

3                  524-529;

4        o.       B. Stanisic et al., Addressing Substrate Coupling in Mixed-Mode IC's:

5                  Simulation and Power Distribution Synthesis," IEEE Journal of Solid-State

6                  Circuits 39.3, 1994, pp. 226-236;

7        p.       B. Stanisic et al., "Mixed-Signal Noise-Decoupling Via Simultaneous Power

8                  Distribution Design and Cell Customization in Rail," IEEE Custom

9                  Integrated Circuits Conference 24.3.1, 1994, pp. 533-536;

10       q.       D. Stark et al., "Techniques for Calculating Currents and Voltages in VLSI

11                 Power Supply Networks," IEEE Transactions on Computer-Aided Design

12                 9.2, 1990, pp. 126-131;

13       r.        J. Tao et al., "An Electromigration Failure Model for Interconnects Under

14                 Pulsed and Bidirectional Current Stressing," IEEE Transactions on Electron

15                 Devices 41.4, 1994, pp. 539-545;

16       s.        G. Tiwary, "Below the half-micron mark," IEEE reprinted from IEEE

17                 Spectrum 31.11, 1994, pp. 84; and

18       t.        T. Yoshitome, "Hierarchical analyzer for VLSI power supply networks based

19                 on a new reduction method," IEEE 1991, pp. 298-301.

20     17.     Upon information and belief, either Synopsys or its patent attorneys, or both, were

21 aware of at least the prior art referenced above during prosecution of the application that issued into

22 '053 patent. Upon information and belief, either Synopsys or its patent attorneys, or both, failed to

23 disclose during the prosecution of the application that issued into the '053 patent at least the prior

24 art above with intent to mislead and/or deceive the United States Patent and Trademark Office.

25     18.     Upon information and belief, the '053 patent is unenforceable by reason of unclean

26 hands.

27

28

6

1    19.    Upon information and belief, the '053 patent is unenforceable by reason of patent

2    misuse.

3    20.    Upon information and belief, the '053 patent is unenforceable by reason of estoppel.

4                                          **COUNTERCLAIMS**

5         For its counterclaims against Synopsys, Nassda alleges as follows:

6                                      **GENERAL ALLEGATIONS**

7    1.    This Court has jurisdiction of these counterclaims pursuant to 28 U.S.C. §§ 1331,

8    1338 and 1367(a); and the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202.

9    2.    Venue for Nassda's counterclaims is proper within this judicial district under 28

10   U.S.C. § 1391 (b) and (c) and § 1400(b).

11   3.    Nassda is a California corporation having its principal place of business at 2975

12   Scott Boulevard, Santa Clara, California 95054.  Nassda is in the business of designing and

13   manufacturing fast transistor level simulation and analysis solutions for advanced integrated circuit

14   (IC) designs in the electronic design automation EDA industry

15   4.    Upon information and belief, Synopsys is a Delaware corporation having its

16   corporate headquarters in Mountain View, California.  Upon information and belief, Synopsys is in

17   the business of supplying electronic design automation (EDA) software products and services for

18   use by integrated circuits (IC) designers, including fast transistor level simulation and analysis

19   solutions for advanced IC designs.

20   5.    Synopsys has sued Nassda, alleging infringement of U.S. Patent No. 5,878,053 ("the

21   '053 patent").  Synopsys has also alleged that it owns all rights, title and interest in the '053 patent.

22   Nassda has denied infringement and raised defenses of invalidity and unenforceability, among

23   others.  There is therefore a substantial, actual and continuing controversy between Synopsys and

24   Nassda as to the validity, infringement and unenforceability of these patents.

25                                            **COUNT I**

26                     **(Declaratory Relief Re: U.S. Patent No. 5,878,053**

27   6.    Nassda incorporates by reference the allegations of paragraphs 1 through 5 above.

28

7.      Nassda has not infringed and is not infringing, directly either literally or under the doctrine of equivalents, or by inducing or contributing to the infringement by others of any valid claim of the '053 patent.

8.      The '053 patent is invalid because it fails to comply with 35 U.S.C. §§102 and 103 because it is anticipated by or obvious in view of:

      a.      U.S. Patent No. 5,349,542;

      b.      U.S. Patent No. 5,384,710;

      c.      U.S. Patent No. 5,404,310;

      d.      U.S. Patent No. 5,440,162;

      e.      U.S. Patent No. 5,446,676;

      f.      U.S. Patent No. 5,481,469;

      g.      U.S. Patent No. 5,521,834;

      h.      U.S. Patent No. 5,553,008;

      i.      U.S. Patent No. 5,598,348;

      j.      S. Chowdhury, "An Automated Design of Minimum-Area IC Power/Ground Nets," IEEE Design Automation Conference 13.2, pp. 223-229;

      k.      R. Dutta et al., "Automatic Sizing of Power/Ground (P/G) Networks in VLSI," IEEE Design Automation Conference 44.2, 1989, pp. 783-786;

      l.      Freeman et al., "Automated Extraction of Spice Circuit Methods from Symbolic Gate Matrix Layout with Pruning," IEEE 23rd Design Automation Conf., 1986, pp. 418-424;

      m.      B-K. Liew et al., "Circuit Reliability Simulator for Interconnect, Via, and Contact Electromigration," IEEE Transactions on Electron Devices 39.11, 1992, pp. 2472-2478;

      n.      T. Mitsuhashi et al., "Power and Ground Network Topology Optimization for Cell Based VLSIs," IEEE Design Automation Conference 33.2, 1992, pp. 524-529;

8

o.    B. Stanisic et al., Addressing Substrate Coupling in Mixed-Mode IC's: Simulation and Power Distribution Synthesis," IEEE Journal of Solid-State Circuits 39.3, 1994, pp. 226-236;

p.    B. Stanisic et al., "Mixed-Signal Noise-Decoupling Via Simultaneous Power Distribution Design and Cell Customization in Rail," IEEE Custom Integrated Circuits Conference 24.3.1, 1994, pp. 533-536;

q.    D. Stark et al., "Techniques for Calculating Currents and Voltages in VLSI Power Supply Networks," IEEE Transactions on Computer-Aided Design 9.2, 1990, pp. 126-131;

r.    J. Tao et al., "An Electromigration Failure Model for Interconnects Under Pulsed and Bidirectional Current Stressing," IEEE Transactions on Electron Devices 41.4, 1994, pp. 539-545;

s.    G. Tiwary, "Below the half-micron mark," IEEE reprinted from IEEE Spectrum 31.11, 1994, pp. 84;

t.    T. Yoshitome, "Hierarchical analyzer for VLSI power supply networks based on a new reduction method," IEEE 1991, pp. 298-301; and

other references.

9.    The '053 patent is invalid because it fails to comply with 35 U.S.C. § 112 because it does not contain adequate written description of the alleged invention, nor the manner and process of making and using it in full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains to make and use the same, and does not set forth the best mode contemplated by the inventor of carrying out the alleged invention.

10.    Upon information and belief, the '053 patent is unenforceable by reason of inequitable conduct because Synopsys failed to disclose to the United States Patent and Trademark Office during prosecution of the patent application that issued into the '053 patent, prior art of which it was aware that was material to patentability, including but not limited to:

a.    U.S. Patent No. 5,349,542;

9

1      b.      U.S. Patent No. 5,384,710;

2      c.      U.S. Patent No. 5,404,310;

3      d.      U.S. Patent No. 5,440,162;

4      e.      U.S. Patent No. 5,446,676;

5      f.      U.S. Patent No. 5,481,469;

6      g.      U.S. Patent No. 5,521,834;

7      h.      U.S. Patent No. 5,553,008;

8      i.      U.S. Patent No. 5,598,348;

9      j.      S. Chowdhury, "An Automated Design of Minimum-Area IC Power/Ground

10      Nets," IEEE Design Automation Conference 13.2, pp. 223-229;

11      k.      R. Dutta et al., "Automatic Sizing of Power/Ground (P/G) Networks in

12      VLSI," IEEE Design Automation Conference 44.2, 1989, pp. 783-786;

13      l.      Freeman et al., "Automated Extraction of Spice Circuit Methods from

14      Symbolic Gate Matrix Layout with Pruning," IEEE 23rd Design Automation

15      Conf., 1986, pp. 418-424;

16      m.      B-K. Liew et al., "Circuit Reliability Simulator for Interconnect, Via, and

17      Contact Electromigration," IEEE Transactions on Electron Devices 39.11,

18      1992, pp. 2472-2478;

19      n.      T. Mitsuhashi et al., "Power and Ground Network Topology Optimization for

20      Cell Based VLSIs," IEEE Design Automation Conference 33.2, 1992, pp.

21      524-529;

22      o.      B. Stanisic et al., Addressing Substrate Coupling in Mixed-Mode IC's:

23      Simulation and Power Distribution Synthesis," IEEE Journal of Solid-State

24      Circuits 39.3, 1994, pp. 226-236;

25      p.      B. Stanisic et al., "Mixed-Signal Noise-Decoupling Via Simultaneous Power

26      Distribution Design and Cell Customization in Rail," IEEE Custom

27      Integrated Circuits Conference 24.3.1, 1994, pp. 533-536;

28

DEFENDANT NASSDA'S AMENDED ANSWER TO COMPLAINT
AND SECOND AMENDED COUNTERCLAIMS
Case No. C-01-2519 SI

q.    D. Stark et al., "Techniques for Calculating Currents and Voltages in VLSI Power Supply Networks," IEEE Transactions on Computer-Aided Design 9.2, 1990, pp. 126-131;

r.    J. Tao et al., "An Electromigration Failure Model for Interconnects Under Pulsed and Bidirectional Current Stressing," IEEE Transactions on Electron Devices 41.4, 1994, pp. 539-545;

s.    G. Tiwary, "Below the half-micron mark," IEEE reprinted from IEEE Spectrum 31.11, 1994, pp. 84; and

t.    T. Yoshitome, "Hierarchical analyzer for VLSI power supply networks based on a new reduction method," IEEE 1991, pp. 298-301.

11.    Upon information and belief, either Synopsys or its patent attorneys, or both, were aware of at least the prior art referenced above during prosecution of the application that issued into '053 patent. Upon information and belief, either Synopsys or its patent attorneys, or both, failed to disclose during the prosecution of the application that issued into the '053 patent at least the prior art above with intent to mislead and/or deceive the United States Patent and Trademark Office.

12.    Upon information and belief, the '053 patent is unenforceable by reason of unclean hands.

13.    Upon information and belief, the '053 patent is unenforceable by reason of patent misuse.

14.    This matter is an exceptional case within the meaning of the 35 U.S.C. § 285.

## COUNT II

### Federal Antitrust Claims

15.    Nassda incorporates by reference the allegations of paragraphs 1 through 14 above.

### Monopolization under 15 U.S.C. § 2

16.    On information and belief, Synopsys has monopoly power in the relevant market. The relevant product market is the market for fast transistor level simulation and analysis solutions for advanced integrated circuit (IC) designs in the electronic design automation EDA industry, as

11

1    differentiated from the traditional transistor level simulation systems.  There is a cross-elasticity in

2    the demand of Synopsys and Nassda products, so that consumers would not switch to the traditional

3    circuit simulation systems upon price changes.  The relevant geographic market is the United States

4    of America.  Synopsys has power over prices for the fast transistor level simulation systems,

5    because it held a dominant approximately 60-70% of the market share for those systems until

6    Nassda entered the market in the latter half of 1999.  Shortly after Nassda's entry into the market,

7    Synopsys' market share decreased to about 50% due in significant part to Nassda's presence in the

8    market.  In retaliation, Synopsys asserted its patent against Nassda to impede and exclude

9    competition and bolster its lagging market share.

10            17.    On information and belief, Synopsys has used exclusionary practices to preserve its

11   monopoly in this market.  Particularly, upon information and belief, Synopsys is the assignee of the

12   '053 patent, and obtained the '053 patent through fraud.  Upon information and belief, it willfully

13   and intentionally withheld and refused to disclose, in contravention of its duty of candor and with an

14   intention to deceive, material prior art from the patent examiner at the United States Patent and

15   Trademark Office.  Upon information and belief, either Synopsys or its patent attorneys, or both,

16   were aware of at least this material prior art during prosecution of the '053 patent, and purposefully

17   omitted and chose not disclose that prior art during the prosecution of the '053 patent, with the

18   intent to mislead and deceive the United States Patent and Trademark Office.  This action amounts

19   to a false and fraudulent misrepresentation.  Nassda is informed and believes that the patent

20   examiner for the '053 patent relied on this misrepresentation during the ex parte examination and

21   subsequently issued the '053 patent.  Synopsys has then asserted that patent against Nassda.  In

22   sum, Synopsys has fraudulently obtained the '053 patent and used it for anticompetitive ends.

23            18.    On information and belief, Synopsys has engaged in anticompetitive acts intended to

24   prevent the growth of potential competitors.

25            a.    More than two years before the present litigation, Mr. Aart De Geus,

26   Synopsys' Chief Executive Officer, threatened retaliatory and groundless litigation against An-

27   Chang Deng, who had given notice that he was leaving Synopsys, and who is now an officer of

28

DEFENDANT NASSDA'S AMENDED ANSWER TO COMPLAINT
AND SECOND AMENDED COUNTERCLAIMS
Case No. C-01-2519 SI

1  Nassda Corporation.  Upon information and belief, Mr. De Geus' threats were made in order to

2  prevent Mr. Deng from joining Synopsys' competitors or from competing with Synopsys.

3          b.     Almost two years before the present litigation, Mr. Antun Domic, a Senior

4  Vice President of Synopsys, threatened retaliatory and groundless litigation against Nassda for

5  taking away Synopsys' business.  He conveyed his threats to Yuri Sirenko, who had given notice

6  that he was leaving Synopsys and who is now an employee of Nassda Corporation.  Upon

7  information and belief, Mr. Domic's threats were made in order to prevent Mr. Sirenko from joining

8  Nassda or from competing with Synopsys.

9          c.     Synopsys has initiated a baseless state court suit against Nassda and An-

10  Chang Deng in Santa Clara County Superior Court, Action No. CV789501, alleging breach of

11  written contract and breach of fiduciary duty against An-Chang Deng and diversion of corporate

12  opportunity and constructive trust against An-Chang Deng and Nassda Corporation.  By

13  incorporation by reference, Synopsys also alleges its claims of breach of written contract and breach

14  of fiduciary duty against Nassda Corporation.  The essence of Synopsys' allegations in the state

15  court action is that An-Chang Deng and four other key employees of Synopsys' research and

16  development department simultaneously terminated their employment with Synopsys and founded

17  Nassda, which became a competitor of Synopsys in providing fast transistor level simulation and

18  analysis solutions for advanced integrated circuit (IC) designs in the electronic design automation

19  EDA industry.  Synopsys alleges that this competition was carried out unlawfully, which allegations

20  of unlawfulness are false and inaccurate.  Synopsys moved the state court for leave to amend the

21  State Complaint to add new defendants, including the former Synopsys employees who terminated

22  their employment with Synopsys and founded Nassda, and new claims of misappropriation of trade

23  secrets, breach of confidence, unfair competition and civil conspiracy. Upon information and belief,

24  Synopsys asserted the state court action and has moved to amend the state court action to harass

25  Nassda, to drive Nassda out of the market place and/or to prevent the growth of potential

26  competitors such as Nassda.

27

28

1    19.    As the result of Synopsys' anticompetitive acts, Nassda has suffered injury to its

2    business including loss of sales and sales opportunities, damage to its business reputation, the

3    unnecessary incurrence of legal expenses and fees, as well as the diversion of key Nassda

4    employees from their regular job duties to attend to the two law suits.  This injury, which is of the

5    type antitrust laws are designed to protect, is directly attributable to Synopsys' anticompetitive

6    conduct.  Loss of Nassda's competitive influence will ultimately hurt consumers through fewer

7    choices, higher monopolistic prices, and poorer service.

8                    **Attempt to Monopolize under 15 U.S.C. § 2**

9    20.    On information and belief, in fraudulently withholding material prior art from the

10   patent examiner during the prosecution of the '053 patent, Synopsys acted with the specific intent of

11   illegally obtaining a patent for uncompetitive ends.

12   21.    On information and belief, because Synopsys is the dominant player in this market

13   and in light of its assertion of a fraudulently obtained patent to bar competition, there is a dangerous

14   probability that it will regain at least its previous approximately 60-70% market share and that it

15   will obtain even more market share by excluding even more competition through its assertion of the

16   '053 patent.  As a result of this squeezing away of competition, Synopsys will very probably have

17   and maintain an unlawfully obtained monopoly.

18                              **COUNT III**

19              **Declaratory Relief Relating To Cal. Bus. & Prof. Code §17200**

20   22.    Nassda incorporates by reference the allegations of paragraphs 1 through 21 above.

21   23.    As alleged above, Synopsys has engaged in unfair competition, including but not

22   limited to unlawful, unfair, and fraudulent business acts and practices in violation of Cal. Bus. &

23   Prof. Code § 17200 et seq.

24   WHEREFORE, Nassda prays for judgment as follows:

25   A.    That Synopsys' Complaint be dismissed with prejudice, that judgment be entered in

26   Nassda's favor and against Synopsys, and that Synopsys be denied all relief requested in its

27   Complaint;

28

14

1       B.      That the Court enter declaratory judgment that the claims of the '053 patent are

2   invalid, unenforceable and not infringed by Nassda;

3       C.      That Synopsys, each of its officers, directors, employees, agents, servants, alter egos,

4   and attorneys, and each person acting in concert or participation with any of the foregoing, be

5   restrained from further prosecuting or instituting any action against Nassda that assert the claims of

6   the '053 patent to be valid, enforceable, or infringed by Nassda;

7       D.      That this case is exceptional under 35 U.S.C. § 285;

8       E.      That Nassda recover costs of this suit, including attorneys' fees under 35 U.S.C §

9   285, 15 U.S.C. § 15, and any other statute that allows such relief;

10      F.      That Nassda recover treble damages under 15 U.S.C. § 15 and any other statute that

11  allows such relief;

12      G.      That Synopsys shall restore to Nassda any money or property acquired by means of

13  Synopsys' unlawful practices and unfair competition;

14      H.      That an injunction and an order issue compelling such other appropriate affirmative

15  acts as are appropriate to protect Nassda's HSIM source code;

16      I.      That Nassda be awarded its expenses and costs incurred in this action; and

17      J.      That the Court grant Nassda any such other relief as the Court may deem just and

18  proper.

19                           **JURY TRIAL**

20      Nassda hereby demands a trial by jury of all issues in this action.

21  Dated:  December 7, 2001                 FISH & RICHARDSON P.C.

22

23                                 By: _Katherine J. Horvath_ (signature)

24                                Katherine Ford Horvath

25                                Attorneys for Defendant and Counter-Claimant
                                  NASSDA CORPORATION

26

27

28

DEFENDANT NASSDA'S AMENDED ANSWER TO COMPLAINT
AND SECOND AMENDED COUNTERCLAIMS
Case No. C-01-2519 SI